UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IGNACIO TALONIA-BORJA, | ) | |
| Institutional ID No. 29082-198, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-153-BG |
| GILES W. DALBY CORRECTIONAL | ) | ECF |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ignacio Talonia-Borja is a federal prisoner. He filed this action *pro se* claiming that his constitutional rights were violated during his incarceration at the Giles W. Dalby Correctional Facility (Dalby Facility), a prison operated by Management Training Corporation pursuant to a contract with the Bureau of Prisons. He names the Dalby Facility, a health administrator, and unnamed officers at the prison as Defendants and claims they denied him medical treatment for a health condition related to his liver.

The United States District Judge permitted Talonia-Borja to proceed *in forma pauperis*; Talonia-Borja was notified of the right to consent to proceed before a magistrate judge; and the case was transferred to the United States Magistrate Judge for further proceedings. The undersigned scheduled a hearing that was to be held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), and ordered the Dalby Facility to provide the court with authenticated records. The warden of the Dalby Facility thereafter notified the court that Talonia-Borja had been transferred to Federal Medical Center Devens in Massachusetts. The undersigned vacated the order setting the hearing and now files this Report and Recommendation.

**I.      Standard of Review for Complaints Brought *In Forma Pauperis***

The claims in this case are subject to mandatory screening under 28 U.S.C. § 1915(e)(2), which requires the court to summarily dismiss an action brought *in forma pauperis* if it is determined that the action is:

(1)     frivolous or malicious;

(2)     fails to state a claim upon which relief may be granted; or

(3)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (2012); *see also* 42 U.S.C. § 1997e(c)(1) (2012) (requiring dismissal of prisoner claims brought with respect to prison conditions on the same grounds). An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831–32, 104 L. Ed. 2d 338 (1989). An action lacks an arguable basis in law if it is based on an "indisputably meritless legal theory." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citations omitted).

**II.     Discussion**

Talonia-Borja filed his Complaint on a form used for claims brought pursuant to 42 U.S.C. § 1983. Section 1983, however, provides a federal cause of action for damages against defendants acting under color of state law, *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002), and none of the individuals Talonia-Borja named in this action are state actors. The court must, however, construe a complaint brought *in forma pauperis* liberally, *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994), and because Talonia-Borja alleges constitutional violations that occurred during his incarceration as a federal prisoner, the court should construe his action as an Eighth Amendment claim brought pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named*

*Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389–98, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Stephenson v. Reno*, 28 F.3d 26, 27 n.1 (5th Cir. 1994) (construing federal prisoner's civil rights complaint as an action brought pursuant to *Bivens*).

A remedy under *Bivens*, however, is not available to Talonia-Borja. First, *Bivens* liability does not extend to private prisons such as the Dalby Facility. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). "The purpose of *Bivens* is to deter *individual federal officers* from committing constitutional violations." *Id*. (emphasis added).

Second, recent precedent from the Supreme Court makes clear that damages are not available under *Bivens* and 28 U.S.C. § 1331 to a plaintiff who alleges that an employee at a private prison acted with deliberate indifference to his serious medical needs. *See Minneci v. Pollard*, - - -U.S.- - -, 132 S. Ct. 617, 623–26, 181 L. Ed. 2d 606 (2012) (refusing to find a *Bivens* remedy for prisoner alleging Eighth Amendment violations during his incarceration at a privately managed federal prison because an alternative remedy was available under state law).

Finally, injunctive relief is not appropriate in this case: because Talonia-Borja is no longer incarcerated at the Dalby Facility, he cannot show a likelihood that he will be subjected to future harm by Defendants' alleged deliberate indifference. Accordingly, his request for injunctive relief is moot. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot.")

### III. <u>Recommendation</u>

The district court should find that Talonia-Borja's prayer for damages is founded on a legal theory on which relief cannot be granted in this court and that his prayer for injunctive relief is moot.

Such findings require dismissal of Talonia-Borja's Complaint and all claims therein against all Defendants pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

## IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 1, 2012.

_____
NANCY M. KOENIG
United States Magistrate Judge